UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY GARZA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF YAKIMA,<br><br>                    Defendant. | NO:  13-CV-3031-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 50).  This matter was heard with telephonic oral argument on May 15, 2014. James E. Davis appeared on behalf of the Plaintiff.  Mark D. Watson appeared on behalf of Defendant. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This case concerns Plaintiff's allegations that his employer discriminated against him in violation of federal and state law, and breached promises of specific

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

treatment contained in the employee handbook. Defendant moves for summary judgment on certain of Plaintiff's claims on grounds that some are time barred, that some are barred because they were not part of the tort claim filed with the city, and that others are barred because Plaintiff failed to timely file an EEOC claim describing the Title VII claims asserted.

## FACTS[1]

Plaintiff Gary Garza is a police officer for the City of Yakima who alleges that he was subjected to repeated acts of workplace discrimination and retaliation for his participation in anti-discriminatory acts.

On April 4, 2012, Garza signed an EEOC Intake Questionnaire which was received by the EEOC on April 9, 2012. On May 14, 2012, he signed an EEOC Charge of Discrimination. In his EEOC complaint, he alleged multiple incidences of discrimination and retaliation, occurring over an extended period of time. On January 14, 2013, Garza filed a City of Yakima Tort Claim Form with the Yakima City Clerk. ECF No. 59 at 32.

---

[1] The Court has made no factual findings at this stage, but rather is reciting the allegations of the parties. *See Tolan v. Cotton*, ---U.S.---, 134 S.Ct. 1861 (2014) ([I]n ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Garza subsequently sued his employer, the City of Yakima, for unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Washington Law Against Discrimination. ECF No. 2 at 1. In his amended complaint, Plaintiff cites the actions of other employees of the City of Yakima, including Officer Ryan Wisner, Sergeant Jay Seely, Lieutenant Tom Foley, Captain Jeff Schneider, Lieutenant Mike Merryman, Lieutenant Gary Belles, Captain Greg Copeland, and former city manager Richard Zais. ECF No. 2 at 3. Plaintiff alleges, *inter alia*, that Captain Copeland has displayed animus toward Garza since Garza's participation in an arbitration proceeding that overturned a disciplinary action against him and a lawsuit involving nonpayment of overtime wages. ECF No. 2 at 4. Plaintiff also alleges that ever since his 2000 testimony at a hearing regarding racial profiling and race discrimination, he has been the subject of adverse treatment by superior officers at the Yakima Police Department.

Defendant here moves for partial summary judgment on some of Plaintiff's allegations. For the purposes of this motion, Defendant categorizes factual allegations as "claims" and labels them as follows:

Claim A: "Accusation of Lying Claim" against Copeland which occurred at least by 2008.

Claim B: "1999 Evaluation Claim" over a 2000 refusal by Copeland to remove a "needs improvement" comment from Garza's evaluation which was the subject of a grievance and resulting 2000 arbitration award.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

Claim C: "Exclusion from 2001 and 2002 Narcotics Unit Claim" for Copeland purposely and intentionally excluding Garza from consideration for a Narcotics Unit position in 2001 and 2002.

Claim D: "2008 Narcotics Unit Claim" for Copeland purposely and intentionally attempting to exclude Garza from consideration for a Narcotics Unit position in 2008.

Claim E: "2008 Wrong Interview Scores Claim" for Copeland purposely and intentionally submitting wrong oral interview scores for Garza in 2008 for placement within the Narcotics Unit.

Claim F: "2011 Copeland Denial of Grievance Claim" for Copeland stating that he had every intent of denying a grievance filed by Garza in October 2011.

Claim G: "2004 School Resource Officer Position Claim" for Capt. Schneider, Lieut. Merryman and Lieut. Belles' scheming in 2004 to deny Garza appointment to that position.

Claim H: "2009 Overtime Limitation Claim" for Belles' issuing a directive limiting overtime in February 2009.

Claim I: "2010 Leaving Training Session Claim" for Seely's having made a complaint about Garza's leaving a training session early resulting in a July 2010 reprimand and an entry in his 2011 evaluation.

Claim J: "2011 Personal Use of a Department Vehicle Claim" for Belles' and Copeland's retaliation against Garza in August 2011 by initiating an investigation and imposing a verbal reprimand for Garza's asking an on-duty police officer to transport purchased shrubs for him using a Department vehicle.

Claim K: "2011 Retaliatory Complaint Claim" for Seely and Wisner's having filed a complaint in April 2011 against Garza in retaliation for an earlier discrimination and hostile work environment complaint filed by Garza in April 2011 against Seely.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

Claim L: "2011 Brady List Placement Claim" against the City for placing Garza on a Brady list in December 2011 prior to the conclusion of Garza's grievance and arbitration hearing challenge to discipline imposed against Garza over inaccuracies in Garza's February 16, 2011, search warrant affidavit.

Claim M1: "2011 Disparate Discipline/Claim" against the City for other non-Hispanic officers not being similarly disciplined for conduct similar to that engaged in by Garza.

Claim M2: "2011 Disparate Brady List Inclusion Claim" against the City for other non-Hispanic officers not being placed on the Brady list for dishonest conduct.

Claim N: Unalleged "Accusation of Dishonesty Claim" arising out of testimony Copeland gave in an April 2013 arbitration proceeding which post-dates the filing of the complaint.

Claim O: Unalleged "2011 News Report Claim" against the City for cooperating in a December 8, 2011 negative news report about Garza.

Claim P: Unalleged "2012 Facebook Posting Claim" against the City for failing to address an objectionable June 2012 Facebook posting by Officer Wisner.

Claim Q: Unalleged "1999 Sergeant's Examination Claim" for 13 years' worth of increased wages beginning in 1999 ($84,500) had Garza taken and passed the sergeant's exam in 1999; Garza claims his plans were disrupted because of the 1999 investigation and resulting grievance and 2000 arbitration proceeding.

Claim R: Unalleged "1999 Removal from Narcotics Unit Claim" for three years loss of specialty overtime pay from 1999 to 2001 ($45,000) for having been wrongfully removed from the narcotics unit as a consequence of the 1999 investigation and resulting grievance and arbitration proceeding, even though he requested, but the arbitrator declined to award, reinstatement to the narcotics unit.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

Claim S: Unalleged "2011 Retaliatory Shutdown of Narcotics Unit Claim" for three years of lost specialty overtime pay ($45,000) over Copeland's allegedly dismantling the narcotics unit in August 2011 in retaliation for Garza having filed a complaint against YPD supervisors.

ECF No. 50 at 23-26 (parenthetical remarks omitted).

## DISCUSSION

**A. Legal Standard**

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling upon a summary judgment

motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Only evidence which would be admissible at trial may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

Before considering Defendant's contentions substantively, the Court notes that Defendant's motion for summary judgment is partial and concerns only certain facts, which it refers to as "claims." Plaintiff contends that Defendant's motion is more like a statute of limitations motion to dismiss or a motion in limine, arguing that the summary judgment standard does not apply. ECF No. 58 at 2.  The Court agrees that Defendant's motion serves a function similar to a motion in limine, refining issues, claims and admissible evidence in preparation for another dispositive motion or trial. It is properly being used to narrow the issues.

**B. State Law Claims**

1. Whether Garza's Claims Are Time Barred

Defendant first contends that Garza failed to timely file a pre-suit state tort claim containing an adequate description of the state discrimination claims being asserted under RCW 49.60. ECF No. 50 at 10. Defendant argues because Plaintiff filed the tort claim form on January 14, 2013, and the lawsuit on March 22, 2013, Plaintiff can only recover for actions occurring on or after January 14, 2010. ECF No. 50 at 10-11. Plaintiff counters that not all acts occurring prior to January 14,

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    2010, are barred due to the continuing violations theory, and because prior claims

2    may be admissible as relevant background evidence to put timely claims in

3    context. ECF No. 58 at 3.

4        Plaintiff's Amended Complaint alleges discrimination on the basis of race in

5    violation of RCW 49.60.180 and retaliation in violation of RCW 49.60.210. ECF

6    No. 2 at 8-9. The WLAD provides that "[i]t is an unfair practice for any

7    employer…To discriminate against any person in compensation or in other terms

8    or conditions of employment because of age, sex, marital status, sexual orientation,

9    race, creed, color, national origin…." RCW 49.60.180. Washington's Law Against

10   Discrimination ("WLAD"), chapter 49.60 RCW does not contain its own

11   limitations period; discrimination claims must be brought within three years under

12   the general three-year statute of limitations for personal injury. *Antonius v. King*

13   *County*, 153 Wash.2d 256, 262-63 (2004).

14       Plaintiff contends that the continuing violation doctrine applies under

15   Washington law. ECF No. 58 at 13. The Court disagrees. Though Washington

16   courts once recognized the continuing violation doctrine,[2] the Washington

17

18   [2] *See, e.g., Washington v. Boeing Co.,* 105 Wash.App. 1, 8-9 (2000) ("The

19   continuing violation doctrine creates an equitable exception to RCW 49.60's statute

20   of limitations when discriminatory conduct is ongoing.  The doctrine allows a

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

Supreme Court made clear that it was rejecting the continuing violation doctrine in light of the United States Supreme Court's holding in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). As discussed at greater length below, *Morgan* held that in the Title VII context, the continuing violation doctrine does not apply to discrete acts of discrimination, only to hostile work environment claims. *Id.* at 112 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). The Washington Supreme Court examined *Morgan* at length in a WLAD case, rejecting the continuing violation doctrine and adopting *Morgan*'s analysis for liability on hostile work environment claims. *Antonius*, 153 Wash.2d at 269-70 (2004).

Because the continuing violation doctrine does not apply, and because Plaintiff's counsel at oral argument reiterated that there was no hostile work environment claim, the three-year statute of limitations applies to the discrete acts on which Plaintiff bases his claims. Plaintiff filed his tort claim with the city on January 14, 2013; accordingly, only those acts occurring on or after January 14, 2010, may be considered as giving rise to liability for the WLAD claims. As Defendant argues, the following acts are therefore barred: the 2008 accusation of lying claim (A); 1999 evaluation claim (B); 2001-2002 exclusion from narcotics

plaintiff to allege otherwise time-barred discriminatory acts and recover damages based on those acts.").

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

unit claim (C); 2008 narcotics unit claim (D); 2008 wrong interview scores claim (E); 2004 school resource officer position claim (G); 2009 overtime limitation claim (H); the unalleged 1999 sergeant's examination claim (Q); and the unalleged 1999 removal from narcotics unit claim (R).

2.   Whether Some of Garza's Claims Are Barred Because They Were Not Included in the Tort Claim Form

Defendant also argues that some claims are barred because they were not included in the tort claim form filed with the city, and that Plaintiff did not sufficiently identify his damages on the tort claim form. ECF No. 50 at 11. Plaintiff counters that several of the facts cited by Defendant were in fact on the tort claim form, and that the city tort claim alleged sufficient facts to survive, as they all fall under the general claim of race discrimination and retaliation. ECF No. 58 at 4.

Claims for damages against local government entities are subject to certain claim filing requirements. *Blair v. Washington State University*, 108 Wash.2d 558, 577 (1987).  All claims for damages against a local government entity must be presented to an appointed agent within the applicable period of limitations and are deemed presented when a standard tort claim form is delivered to the agent. RCW 4.96.020(2), (3). According to the statute, the claim form must at a minimum require certain information. *Id.*  "The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

deemed satisfactory." RCW 4.96.010(1). The substantial compliance rule has two

necessary conditions:

> First, there must be a sufficient bona fide attempt to comply with the
> law, notwithstanding the attempt is defective in some particular.
> Second, the attempt at compliance must actually accomplish the
> statutory purpose, which is to give the governmental entity such
> notice as will enable it to investigate the cause and character of the
> injury.

*Renner v. City of Marysville*, 145 Wash.App. 443, 451-52 (2008), *aff'd,* 168

Wash.2d 540 (2010). Furthermore, "[r]equired information that is totally absent

from the claim cannot be supplied by any method of construction, however

liberal." *Id.* (internal quotation omitted). As the Washington Supreme Court

explained:

> While we recognize that the statute sets forth a substantial compliance
> standard for the content of a claim, we must apply the Legislature's
> liberal construction directive in a manner that promotes the purpose of
> the claim filing statutes. It is generally accepted that one of the
> purposes of the claim filing provisions is to allow government entities
> time to investigate, evaluate, and settle claims. . . . The Legislature did
> not intend that RCW 4.96.010 be applied to mean that the content of a
> claim should be read so broadly as to negate the purpose of RCW
> 4.96.020(4), and we decline to do so.

*Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.,* 147 Wash.2d 303, 310 (2002).

In 2009, the legislature added a fifth section to RCW 4.96.020. "With

respect to the content of claims under this section and all procedural requirements

in this section, this section must be liberally construed so that substantial

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1   compliance will be deemed satisfactory." RCW 4.96.020(5). According to the

2   House Bill Report, the stated position in favor of the amendment indicated, in part:

3       Injured plaintiff's claims are being denied because of the strict claim
        filing statutes. The original intent of the statutes was to provide notice
4       so that the government can get the facts of the claim and investigate.
        They were not meant to be "gotcha" statutes. Some of the procedural
5       requirements are tricky. Cases are being dismissed based on technical
        interpretations of the statute. The bill is aimed at restoring the original
6       intent. It corrects historical unfairness and makes the statute
        functional. It requires notice to the government, but eliminates the
7       barnacles of judicial bureaucracy.

8   H.B. Rep. on Engrossed Substitute H.B. 1533, at 4, 61st Leg., Reg. Sess.

9   (Wash. 2009); *see Myles v. Clark County*, 170 Wash.App. 521, 532 (2012).

10      Here, Plaintiff filed a tort claim with the City of Yakima pursuant to the

11  statute on January 14, 2013. ECF No. 52 at 4. Where the form asked for details

12  such as names and the cause of injury, Plaintiff referred to the attached EEOC

13  Intake Questionnaire. *Id*. at 4-5. The intake questionnaire details events giving rise

14  to Plaintiff's claim of discrimination. The Court cannot find support in the

15  authorities Defendant cites for dismissing certain "claims"/facts from Plaintiff's

16  case because not all of them were detailed in the form. *See Caron v. Grays Harbor

17  County*, 18 Wash.2d 397 (1943) (claim form failed to describe the specific basis of

18  the action against the County); *Blatt v. Shove*, 2014 WL 498007 (W. D. Wash.

19  2014) (claim form identifying city did not extend to unidentified acts of court

20  officers); *Medina*, 147 Wash.2d 303 (tort claim for *property damage* not sufficient

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

to preserve claim for *personal injury* from same accident.). These cases require the city to be able to investigate the charges against it, which it could arguably not do if the cause of action changed, or where the specific basis was not described, or where it did not identify the responsible actor. Plaintiff's attachment to the form identifies actors as well as some of the times and places giving rise to the alleged discrimination. He made a demand for a sum certain. Under the statute's generous standard, Plaintiff appears to have sufficiently given notice of the alleged discrimination.

### C. Federal Law Claims

#### 1. Whether the Acts Alleged Are Time Barred

With respect to Plaintiff's federal law claims, Defendant argues that many of the acts Plaintiff alleges cannot give rise to liability because they occurred outside of the 300-day limitations period for the EEOC complaint. ECF No. 50 at 15. Plaintiff counters that the conduct complained of in his complaint is part of a continuing pattern of adverse action and is admissible as a whole.

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002). As the Court explained:

> Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

occurrence, however, does not bar employees from filing charges
about related discrete acts so long as the acts are independently
discriminatory and charges addressing those acts are themselves
timely filed. Nor does the statute bar an employee from using the prior
acts as background evidence in support of a timely claim.

*Id*. at 113. Thus, *Morgan* makes clear that claims based on discrete acts are only

timely where such acts occurred within the limitations period. Nor can a plaintiff

challenge conduct occurring prior to the limitations period merely by alleging that

the conduct was undertaken pursuant to a policy that was still in effect during the

limitations period. *Cherosky v. Henderson,* 330 F.3d 1243, 1248 (9th Cir. 2003).

This reasoning closes off Plaintiff's argument that the acts constitute "continuing

violations." As the Ninth Circuit explained:

> In *Morgan,* however, the Supreme Court substantially limited the
> notion of continuing violations: "discrete discriminatory acts are not
> actionable if time barred, even when they are related to acts alleged in
> timely filed charges." *Morgan,* 536 U.S. at 122, 122 S.Ct. 2061. In
> specifically rejecting the application of the continuing violations
> doctrine to what the Employees now characterize as a "serial
> violation," the Court explained that "[e]ach discrete discriminatory act
> starts a new clock for filing charges alleging that act." *Id.*

*Cherosky*, 330 F.3d at 1246 (noting that the Supreme Court identified the

following examples within the meaning of the term "discrete discriminatory act":

"termination, failure to promote, denial of transfer, or refusal to hire.")

The Supreme Court also carved out an exception to the rule that all

discriminatory acts can only arise from acts occurring in the limitations period for

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

hostile environment claims on grounds that "[t]heir very nature involves repeated conduct." *Morgan*, 536 U.S. at 115. Thus, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id*. at 117.

Here however, Plaintiff's counsel conceded at oral argument that there was no claim for hostile work environment, so that exception to the discrete acts rule does not apply. Thus, the alleged discriminatory acts occurring before the EEOC limitations period cannot give rise to liability. Plaintiff filed the EEOC Intake Questionnaire[3] on April 9, 2012 (ECF No. 60-1 at 7-15), so only Title VII claims alleged to have occurred on or after June 14, 2011, are timely. The statute however, does not bar reference to those other acts as background evidence in support of a timely claim. Accordingly, the Court grants Defendant's motion insofar as it requests a finding that Defendant cannot be held liable based on

---

[3]  Despite Defendant's claim to the contrary, the Intake Questionnaire is considered by the EEOC as a "charge."  The form itself provides as much.  *See* ECF No. 60-1 at 11; *and see Federal Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) (a filing is deemed a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

alleged discriminatory acts occurring before the EEOC limitations period. This includes "claims" A, B, C, D, E, G, H, I, Q, and R.

2.  Whether Garza Properly Exhausted His Claims with the EEOC

Defendant next argues that Garza's EEOC questionnaire and unsigned statement do not constitute an EEOC charge for purposes of determining if Plaintiff has properly exhausted his administrative claim, and that Garza is limited to the allegations contained in the verified EEOC charge. ECF No. 50 at 16; ECF No. 61 at 1. Plaintiff responds that the Court should also consider allegations contained in the EEOC intake questionnaire, noting that the EEOC drafted the factual allegations in the charge based on the intake information. ECF No. 58 at 9; ECF No. 59 at 37. Defendant replies that an unverified EEOC intake form cannot constitute an EEOC "charge" for purposes of Title VII.

Plaintiff's Amended Complaint alleges discrimination in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and retaliation in violation of § 2000e-3. ECF No. 2 at 8. To establish subject matter jurisdiction over the Title VII claim, Plaintiff must exhaust his administrative remedies.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). As the Ninth Circuit explained:

> Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. 42 U.S.C. § 2000e–5(b). "The administrative charge requirement serves the important purposes of giving the charged party

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

> notice of the claim and 'narrow[ing] the issues for prompt
> adjudication and decision.' "

*B.K.B.*, 276 F.3d at 1099. Defendant cites the Fourth Circuit for the proposition that "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005). However, in the Ninth Circuit, "[t]he EEOC's failure to address a claim asserted by the plaintiff in her charge has no bearing on whether the plaintiff has exhausted her administrative remedies with regard to that claim." *B.K.B.,* 276 F.3d at 1099 ("A Title VII complainant is not charged with the commission's failure to perform its statutory duties." (internal quotations omitted)). Rather, the *B.K.B.* court indicated that in determining whether a plaintiff has exhausted allegations that he did not specify in his administrative charge,

> it is appropriate to consider such factors as the alleged basis of the
> discrimination, dates of discriminatory acts specified within the
> charge, perpetrators of discrimination named in the charge, and any
> locations at which discrimination is alleged to have occurred. In
> addition, the court should consider plaintiff's civil claims to be
> reasonably related to allegations in the charge to the extent that those
> claims are consistent with the plaintiff's original theory of the case.

*Id*. at 1100. Furthermore,

> Even when an employee seeks judicial relief for claims not listed in
> the original EEOC charge, the complaint "nevertheless may
> encompass any discrimination like or reasonably related to the
> allegations of the EEOC charge." **Although allegations of
> discrimination not included in a plaintiff's EEOC charge
> generally may not be considered by a federal court, subject
> matter jurisdiction extends over all allegations of discrimination**

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

**that either "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination."**

We "consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."

*Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (internal citations omitted) (bold emphasis added).

Even the case Defendant cites, *Chacko*, cited as an example a case in which a Plaintiff's "charge alleges discrimination on one basis-such as race—and he introduces another basis in formal litigation—such as sex," 429 F.3d at 509, not simply factual allegations that go to the same overall basis of litigation. Like the Ninth Circuit, the Fourth Circuit explained that "[a] Title VII plaintiff can of course exhaust administrative remedies if a reasonable investigation of his administrative charge would have uncovered the factual allegations set forth in formal litigation." *Id.* at 512.

Here, as the EEOC letter to Garza indicates, the charge "is a summary of [Garza's] claims based on the information [he] provided." ECF No. 60-1 at 40. As the Ninth Circuit suggested, it would be unfair to deprive Plaintiff of his right to sue simply because the EEOC inaccurately summarized the scope of his allegations against his employer. Thus, the Court looks to whether the charges are reasonably related to the subsequent allegations.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

Defendant also contends the unverified intake questionnaire is inoperative but overlooks the controlling regulation that provides, in relevant part:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

29 C.F.R. § 1601.12(b). Under this provision, a complainant who files an unsigned or unsworn charge can amend the charge by providing a supplemental verification and that amendment relates back to the original charge so as to satisfy the "oath or affirmation" requirement. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 115-18 (2002). This is exactly what happened here. *See* ECF No. 60-1 at 43-46.

The charge that the EEOC sent Defendant states that Garza is "employed as a police officer"; "was placed on administrative leave in September 2011, investigated, then suspended in October 2011"; "received unfavorable and inappropriate negative comments on [his] performance appraisal conducted in approximately December 2011"; and that he believes that "these actions were due to [his] race, [his] national origin, and retaliation for having opposed employment discrimination in the past…" ECF No. 60-1 at 42. Defendant alleges that this charge does not encompass claims A, B, C, D, E, F, G, H, I, J, K, L, M2, N, O, P, Q, R, and S and these claims should therefore be dismissed. ECF No. 50 at 18-19.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

As noted above, the Court finds that "claims" A, B, C, D, E, G, H, I, Q, and R are time-barred and thus cannot give rise to liability for Plaintiff's Title VII claims. Thus, the Court need only consider "claims" F, J, K, L, M2, N, O, P, and S.

Plaintiff concedes that claims N, O, P, Q, R, and S are not claims at all, they are only "pieces of evidence" "to be relied upon to prove a claim." ECF No. 58 at 18. Accordingly, the Court confirms that no liability may independently attach to these factual allegations.

Claims F, J, K, L, and M2 all allegedly occurred within the period leading up to Garza's investigation and suspension in late 2011. Furthermore, these claims are "reasonably related" to Plaintiff's theory of the case and allegations emanating from his initial intake questionnaire.

**D. Breach of Promises of Specific Treatment**

Defendant argues that certain claims are barred by the three-year statute of limitations: A, B, C, D, E, G, H, Q, and R. ECF No. 50 at 19-20. At oral argument, Plaintiff agreed that the three-year statute of limitations applies to these claims. Plaintiff filed his complaint on March 22, 2013; accordingly, only those acts occurring on or after March 22, 2010, may be considered as giving rise to liability for breach of promises of specific treatment. Accordingly, "claims" A, B, C, D, E, G, H, Q, and R are time-barred. Of course, "claims" Q and R are concededly not

1  claims, but rather "pieces of evidence" "to be relied upon to prove a claim." *See*

2  *above*.

3      **E. Failure to Allege Claims in the Complaint**

4      Defendant argues that "claims" N, O, P, Q, R, and S should be ordered "not

5  part of the current lawsuit" because Plaintiff did not allege them in his complaint,

6  contending that a plaintiff cannot assert unalleged claims in opposition to a motion

7  to dismiss or summary judgment motion as a shortcut for amending his complaint.

8  ECF No. 50 at 20.

9      As the Court observed above, Plaintiff concedes that claims N, O, P, Q, R,

10  and S are not claims at all, they are only "pieces of evidence" "to be relied upon to

11  prove a claim." ECF No. 58 at 18.

12      The Court observes that Plaintiffs are not required to set out in the complaint

13  all the facts necessary to prosecute their cases throughout litigation. Rather, the

14  pleading requirements are governed by Fed. R. Civ. P. 8(a)(2), *Bell Atl. Corp. v.*

15  *Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16  (2009).  A complaint must contain a "short and plain statement of the claim

17  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  There must

18  be "enough facts to state a claim to relief that is plausible on its face."  *Twombly*,

19  550 U.S. at 570.  This standard "does not require detailed factual allegations, but it

20

demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Accordingly, the Court confirms that no liability may independently attach

to these factual allegations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 50) is **DENIED** in

part and **GRANTED** in part.

1. Defendant's request, based upon the statute of limitations, to exclude

   liability based on Plaintiff's state tort law claims occurring before

   January 14, 2010, are **GRANTED** with respect to claims A, B, C, D, E,

   G, H, Q, and R.

2. Defendant's request to exclude acts on grounds that they were not

   properly identified on the tort claim form is **DENIED**.

3. Defendant's request to exclude liability for the acts described in "claims"

   A, B, C, D, E, G, H, I, Q, and R from consideration under Plaintiff's

   federal law claims is **GRANTED**.

4. Defendant's request to exclude liability for certain acts because they were

   not included in the EEOC charge is **GRANTED** with respect to "claims"

   N, O, P, Q, R, and S.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

5.  Defendant's request to exclude liability based on allegations as not falling within the three-year statute of limitations for breach of promises of specific treatment is **GRANTED** with respect to claims A, B, C, D, E, G, H, Q, and R.

6.  Defendant's request to exclude liability based on factual allegations not alleged in the complaint is **GRANTED** with respect to allegations N, O, P, Q, R, and S.

7.  As indicated herein, these rulings do not necessarily bar reference to those other acts as background evidence in support of a timely claim.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** June 2, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23